EMPLOYEES CREDIT UNION, INC., Plaintiff, v. GLANTON et, Defendant.

Cleveland Municipal Court, Cuyahoga County.

No. A-593458.

BRENNAN, J. The facts surrounding the present litigation are as follows:

Swift & Company was the employer of defendant Glanton herein and certain other defendants in the related cases. Swift & Company curtailed its operation in the Cleveland area to such

an extent that defendant Glanton and the other defendant employees were discharged from their employment. As a result of their discharge, the concerned employees became entitled to a "Separation Allowance" based upon a contractual agreement between Swift & Company and United Packinghouse Workers of America, representing, among others, the employees heretofore mentioned.

The employee defendants concerned herein were indebted to Employees Credit Union, Inc. as the result of various loans made to them by the Credit Union. Being in default on said loans, judgments were taken by the Credit Union against these defendants. As a result of these judgments, proceedings In Aid of Execution for *other than Garnishment of Personal Earnings* were instituted by the plaintiff against the aforementioned employee defendants. Certain of these defendants including defendant Glanton, through counsel, filed motions to dissolve the garnishment proceedings or in the alternative, to grant the moving defendants statutory exemptions allegedly allowed them by operation of law.

Certain other defendants were represented by counsel who filed no motions, as indicated by the record taken at the oral hearing on March 15, 1961. The presence of these counsel was in the nature of "amicus Curiae."

The balance of the defendants had no legal representation.

In essence, the alleged legal basis for the granting of the motions consists of the following arguments:

1. That *personal* earnings, rather than *other* than personal earnings, have been garnisheed.

2. That statutory demands were not served upon the defendants before institution of the garnishment proceedings, as required by law.

3. That a writ of execution was not issued and returned unsatisfied in each case before the institution of garnishment proceedings, again as required by law.

In the alternative to granting of the motions as outlined above, counsel for moving defendants requests that they be granted their statutory exemptions based upon the premise that personal earnings have been garnisheed.

Subsequent and just prior to the aforementioned oral hear-

ing concerning these motions, the rulings of which were earmarked by this Court as "heard and submitted," a second set of Proceedings in Aid of Execution were filed, presumably to correct one of the defects set out in the motions, to wit, the issuance and return of unsatisfied writs of execution before the institution of garnishment proceedings. As originally, these proceedings were for "Other than garnishment of Personal Earnings."

A decision and supporting brief follows.

### DECISION AND BRIEF

Motion by defendants to dissolve proceedings in aid of execution, or in the alternative, for statutory exemptions.

Opinion—granted. Proceedings in Aid of Execution dismissed.

Reason—

Although various points have been advanced argumentatively by counsel for plaintiff and defendants, this court need concern itself with only one issue in order to reach a decision on the motion.

This issue is whether the "Separation Allowance" provided for in Section 71 of the contract between Swift & Company and United Packinghouse Workers of America constitutes personal earnings of the employees or rather, a separate fund other than personal earnings.

This court concedes that there is certainly a lack of authority on the point in issue, particularly in regard to garnishment procedure. However, the court has been greatly aided by the citations provided by counsel, by an analysis of the contract itself, and by its own independent research.

Based upon the aforesaid citations, contract analysis and independent research, this court is of the opinion that the "Separation Allowances" which have been garnisheed constitute personal earnings of the various defendants involved.

Much was made at the prior oral hearing of the definition of the word "allowance." However, a perusal of the contract shows that the word "allowance" is used interchangeably with the words "pay" and "wages."

For example, see Section 6 (A) of the contract, the pertinent part of which reads as follows:

"The Company shall give preference, when hiring people, to former employees whose services were satisfactory. Where a department or unit of the business covered by this agreement has been closed or where employees have been dropped from service at such unit as a result of technological change, employes whose employment is terminated as a result of such closing of technological change and who have not received *separation pay*, may request employment at other units covered by this agreement, and if such employment is available shall be offered such employment with service rights to which they would be entitled under this agreement preserved for all purposes, except that the seniority of such employes at the new plant shall date from the date of employment at the new plant unless otherwise mutually agreed."

It is obvious to this court that the various benefits in the contract, such as death benefits, vacation pay and *separation allowance* must be definitely *earned* by an employee as they are based upon years of service and rate of pay.

It is interesting to note that Section 71 (d) (2) provides for "weekly installments of full wages" as one of the methods of payment of the separation allowance.

Of the various cases cited by counsel this court feels that the only case that has any bearing on the issue is *"In re Public Ledger, Inc.,"* 161 Federal Reporter, 2nd series, Page 762, referred to in Mr. Patchen's brief, as counsel for the moving defendants. Although this case concerns itself primarily with Bankruptcy questions, it definitely establishes the fact that severance pay which is contracted for is earned and is a wage contract right. There is no question that this cited case definitely holds that severance pay constitutes wages earned by those entitled to it.

In its own research, this court has discovered one Ohio case which is also applicable. This case is *Krupa* v. *Western Union*, 90 Ohio App., 90. This case concerns the right of a discharged employee to receive unemployment compensation when the employee has received severance pay based upon contract. Both the majority and dissenting opinion are in accord as to the fact that severance pay is earned and constitutes wages or personal earnings. Although the majority holding in

this particular case has since been reversed by Statute as to the right to receive unemployment compensation (Section 4141.31, Revised Code—1960 Supplement), the court's reasoning in the cited decision as to severance pay remains unchanged.

Inasmuch as this court is of the opinion that the contractual severance allowance consists of personal earnings, rather than other than personal earnings, the various motions to dissolve Proceedings in Aid of Execution are granted. It has previously been stipulated that no statutory demands were served upon the defendants in compliance with Section 2715.02, Revised Code, the applicable Code Section. This is mandatory before Proceedings in Aid of Execution may be instituted in order to garnishee personal earnings. As a result the various Aid Proceedings concerned are hereby dismissed.

As to those Aid Proceedings wherein the defendants were represented by counsel as "amici Curiae," to wit, defendant Barnes in Case No. A-592638, defendant McCoy in Case Number A-593462, and defendant Jones in Case Number A-593468, those proceedings are also dismissed on the Court's own motion.

As to the second set of Aid Proceedings which were filed just prior to or subsequent to the oral hearing, and insofar as they affect the moving defendants or those represented by counsel as "amici curiae," those proceedings are also dismissed for failure to serve statutory demands upon the defendants.

As to all other Aid Proceedings wherein the defendants had no legal representation, those proceedings are sustained by the Court for the reason that it does not appear upon the face of these particular proceedings that they are erroneous, i. e. there is no indication that the money garnisheed consisted of "separation allowance" or something other than "separation allowance."

As to the other issues which have been raised, to wit, the failure of the plaintiff to have executions returned nulla bona before filing the Aid Proceedings and the question of rights as to statutory exemptions, this court now considers these issues to be moot and will not pass upon them.

One further question has been raised which again the court considers moot. That is, considering the fact that severance

allowance consists of personal earnings, and when garnisheed, that specific type of an Aid Proceeding must be instituted, how does the court compute what was earned 30 days preceding the filing of the Aid Proceeding? As mentioned, it is not necessary for this court to decide this now. However, when and if the time comes for the court to decide this question, the court feels such computation will present no problem.